Samantha N. Hoffman (SBN 212135)
hoffmans@jacksonlewis.com
Nicole M. Savala, Esq. (SBN 244366)
savalan@jacksonlewis.com
JACKSON LEWIS, LLP
5000 Birch Street, Suite 5000
Newport Beach, CA 92660
Tel:  (949) 885-1360
Fax:  (949) 885-1380

Attorneys for Defendant
PFIZER INC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELINA FERRETTI,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PFIZER INC,<br><br>　　　　　Defendants. | CASE NO.:  **CV11-004486 PSG (LHKx)**<br><br>**DEFENDANT PFIZER INC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**<br><br>**DATE:**　　**March 1, 2012**<br>**TIME:**　　**1:30 P.M.**<br>**DEPT.:**　　**Courtroom 8**<br><br>Complaint Filed:　September 9, 2011 |

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT. ...................................1

II.   STATEMENT OF FACTS. .......................................................................2

     A.    Pfizer Hired Plaintiff As A Director In The Oncology Department. She Was Responsible For Alerting Pfizer Of Any Risks Or Abnormalities Occurring Within the Studies On Which She Was Assigned.................................................................................2

     B.    As Part Of Her Duties, Plaintiff Alerted Pfizer Of Abnormalities In The PanHer Program. ..................................................................2

     C.    Plaintiff's Employment Was Terminated And Plaintiff Filed the Instant Lawsuit Alleging That Her Employment Was Terminated Because She Made Protected Disclosures. ..........................................3

III.   ARGUMENT. ...........................................................................................4

     A.    This Court Has The Authority To Dismiss Claims Which Do Not State A Claim For Relief. ....................................................................4

         i.    Plaintiff's First Cause Of Action For Retaliation Pursuant To Labor Code Section 1102.5 Fails As A Matter of Law.........................5

             1.    Plaintiff's Labor Code Section 1102.5 Claim Is Jurisdictionally Barred Due To Her Failure To Pursue The Administrative Procedures Available To Her And She Is Now Time Barred From Doing So...................................5

             2.    Even Assuming, Arguendo, Plaintiff Can Survive The Jurisdictional Bar, Plaintiff's Labor Code Section 1102.5 Claim Fails As A Matter Of Law Because Plaintiff Did Not Engage In Protected Activity. ........................................6

         ii.    Likewise, Plaintiff's Second Cause Of Action Alleging Wrongful Termination In Violation Of Public Policy Fails As A Matter Of Law Because Plaintiff Did Not Engage In Protected Activity. ..............................................................................8

         iii.    Plaintiff's Third Cause Of Action For IIED Against Pfizer Fails As A Matter Of Law................................................................9

             1.    This Claim Is Preempted By the Exclusive Remedies Provisions Of California's Workers' Compensation Act. ..........9

             2.    Even If Plaintiff's IIED Claim Is Not Preempted, Plaintiff Cannot Demonstrate That Pfizer Engaged In Extreme And Outrageous Conduct With The Intention Of Causing, Or Reckless Disregard Of The Probability Of Causing Emotional Distress....................................................10

B.    Plaintiff's Request For Attorneys' Fees Under California Code Of Civil Procedure Section 1021.5 Is Improper And Should Be Stricken From Plaintiff's Complaint...........................................................12

i.    The Instant Litigation Does Not Confer A Significant Benefit To The General Public Or A Large Class Of Individuals...................14

ii.    Plaintiff Failed To Demonstrate That Her Litigation Costs Will Transcend Her Personal Interest In The Litigation. ...........................16

IV.    CONCLUSION. ...................................................................................17

# TABLE OF AUTHORITIES

**Federal Cases**

*Acme Fill Corp. v. Althin CD Med., Inc.,*
   (N.D. Cal. 1995) 1995 U.S. Dist. LEXIS 22307 ...................................... 12-13, 14

*Balistreri v. Pacifica Police Dept.,*
   (9th Cir. 1990) 901 F.2d 696 .................................................................... 4

*Bowman v. Yolo County,*
   (E.D. Cal. 2008) 2008 U.S. Dist. LEXIS 36857 ...................................... 5

*Buscemi v. McDonnell Douglas Corp.,*
   (9th Cir. 1984) 736 F.2d 1348 .................................................................. 11

*Conley v. Gibson,*
   (1957) 355 U.S. 41 ..................................................................................... 4

*Crain v. Burroughs Corp.,*
   (C. D. Cal. 1983) 560 F. Supp. 849 ........................................................ 11

*Creighton v. City of Livingston,*
   No. CV-F-08-1507 OWW/SMS, 2009 U.S. Dist. LEXIS 93720 ................ 6

*Dolis v. Bleum USA, Inc.,*
   (N.D. Cal. 2011) 2011 U.S. Dist. LEXIS 110575 ................................... 5, 6

*Enesco Corp. v. Price/Costco, Inc.,*
   (9th Cir. 1998) 146 F.3d 1083 .................................................................. 4

*Fantasy, Inc. v. Fogerty,*
   (9th Cir. 1993) 984 F.2d 1524 .................................................................. 12

*Fogerty v. Fantasy, Inc.,*
   (1994) 510 U.S. 517 ................................................................................... 12

*Garcetti v. Ceballos,*
   (2006) 547 U.S. 410 ................................................................................... 7

*Greenburg v. Life Ins. Co. of N. Am.,*
   (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 39062 ...................................... 12

*Hall v. Apt. Inv. & Mgmt. Co.,*
   (N.D. Cal. 2008), 2008 U.S. Dist. LEXIS 105698 ................................... 5

*Kaufman and Broad South-Bay v. Unisys Corp..*
   (N.D. Cal. 1993) 822 F.Supp.1468 .......................................................... 13

*KFC Western v. Meghrig,*
   (9th Cir. 1995) 49 F.3d 518 ...................................................................... 13

*Love v. Motion Indus.,*
   (N.D. Cal. 2004) 309 F.Supp.2d 1128 ..................................................... 7

*Luchetti v. Hershey Co.,*
  (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 81844 ........................................................ 7, 8

*Lund v. Leprino Foods Co.,*
  (E.D. Cal. 2007) 2007 U.S. Dist. LEXIS 46705 ........................................................ 7

*Mathis v. PG & E,*
  (9th Cir. 1996) 75 F.3d 498 ........................................................ 11

*McKenzie v. Renberg's Inc.,*
  (10th Cir. 1996) 94 F.3d 1478 ........................................................ 7

*Navarro v. Block,*
  (9th Cir. 2001) 250 F.3d 729 ........................................................ 4

*Raymonde v. Mirante California, LLC*
  (N.D. Cal. 2010) 2010 U.S. Dist. LEXIS 5362 ........................................................ 9

*Robertson v. Dean Witter Reynolds,*
  (9th Cir. 1984) 749 F.2d 530 ........................................................ 4

*Schneider v. TRW, Inc.,*
  (9th Cir. 1991) 938 F.2d 986 ........................................................ 11

*Sprewell v. Golden State Warriors,*
  (9th Cir. 2001) 266 F.3d 979 ........................................................ 4

*Vasquez v. Los Angeles County,*
  (9th Cir. 2007) 487 F.3d 1246 ........................................................ 4

**State Cases**

*Angelheart v. City of Burbank,*
  (Cal. App. 2d Dist. 1991) 232 Cal.App.3d 460 ........................................................ 14, 15

*Bell v. Vista Unified School Dist.,*
  (Cal. App. 4th Dist. 2000) 82 Cal.App.4th 672 ........................................................ 13, 15

*Campbell v. Regents of the Univ. of Cal.,*
  (2005) 35 Cal.4th 311 ........................................................ 5

*Cole v. Fair Oaks Fire Protection Dist.,*
  (1987) 43 Cal.3d 148 ........................................................ 9, 10, 11

*County of Colusa v. California Wildlife Conservation Bd.,*
  (2006) 145 Cal.App.4th 637 ........................................................ 14

*Flannery v. California Highway Patrol,*
  (1998) 61 Cal.App.4th 629 ........................................................ 13, 15

*Janken v. GM Hughes Electronics,*
  (1996) 46 Cal.App.4th 55 ........................................................ 10, 11

*Livitsanos v. Superior Court,*
  (1992) 2 Cal.4th 744 ........................................................ 9

*Lloyd v. County of Los Angeles,*
(2009) 172 Cal.App.4th 320 ................................................................. 6

*Lowe v. California Resources Agency,*
(1991) 1 Cal.App.4th 1140 ................................................................. 14

*Miklosy v. Regents of the University of California,*
(2008) 44 Cal.4th 876 ....................................................................... 10

*Morgan v. Regents of University of California,*
(2000) 88 Cal.App.4th 52 ................................................................... 7

*Roybal v. Governing Bd. of Salinas City Elementary School Dist.,*
(2008) 159 Cal.App.4th 1143 ............................................................ 16

*Satrap v. Pacific Gas & Electric Co.*
(1996) 42 Cal.App.4th 72 ............................................................ 13, 14

*Shoemaker v. Myers,*
(1990) 52 Cal.3d 1 ............................................................................ 11

*Singh v. Southland Stone, U.S.A., Inc.,*
(2010) 186 Cal.App.4th 338 ........................................................... 9, 10

*Stevenson v. Superior Court of Los Angeles,*
(1997) 16 Cal.4th 880 ......................................................................... 8

*Tameny v. Atlantic Richfield*
(1980) 27 Cal.3d 167 .......................................................................... 8

*Woodland Hills Residents Assn., Inc. v. City Council,*
(1979) 23 Cal.3d 917 ........................................................................ 14

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) ...................................... 4, 15

Federal Rule of Civil Procedure 12(f) .............................................. 12

**State Statutes**

California Code of Civil Procedure section 1021.5 ...................... 12, 13

California Labor Code Section 98.7 ................................................ 5, 6

California Labor Code Section 1102.5 ..................................... 5, 6, 7, 8

California Labor Code Section 1102.5(c) ........................................... 8

California Labor Code Section 6310 ............................................... 8, 9

California Labor Code Section 6310(b) .............................................. 8

TO THE COURT, PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 1, 2012 at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 8 of the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California 95113, the Honorable Lucy H. Koh presiding, Defendant Pfizer Inc ("Defendant") will and hereby does move this Court for an Order Dismissing Plaintiff's first, second and third causes of actions for: (1) violation of Labor Code section 1102.5; (2) wrongful termination in violation of public policy; and (3) intentional infliction of emotional distress. Defendant further moves this Court for an Order striking Plaintiff's claim for attorneys' fees.

This Motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) on the grounds that Plaintiff failed to exhaust her administrative remedies, did not engage in protected activity, and her allegations do not allege conduct and/or injury outside the employment bargain. Moreover, Plaintiff's claims fail to allege enforcement of an important public right or significant benefit on the public and therefore her request for attorneys' fees is improper.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the documents and records in the Court's file, and oral argument that may be presented at the hearing and any other matter the Court deems appropriate.


Dated: November 9, 2011                  JACKSON LEWIS LLP



                                         By:_____/s/ Samantha N. Hoffman_____
                                              Samantha N. Hoffman (SBN 212135)
                                              hoffmans@jacksonlewis.com
                                              Nicole M. Savala, Esq. (SBN 244366)
                                              savalan@jacksonlewis.com

                                         Attorneys for Defendant PFIZER INC

## MEMORANDUM OF POINTS & AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT.

Plaintiff Delina Ferretti's ("Plaintiff") claims for: (1) retaliation pursuant to California Labor Code[1] section 1102.5; (2) wrongful termination in violation of public policy; and (3) intentional infliction of emotional distress ("IIED") fail as a matter of law and should be dismissed.  Moreover, Plaintiff's claim for attorneys' fees is improper and should be stricken.

Specifically, prior to filing a civil claim under Labor Code section 1102.5, Plaintiff is required to file a complaint with the Department of Labor Standards Enforcement ("DLSE").  She has failed to do so and therefore her Labor Code section 1102.5 violation is barred.  Moreover, even if she could get over this jurisdictional hurdle, Plaintiff did not engage in protected activity as required by Labor Code section 1102.5.  In particular, as alleged by Plaintiff, Defendant Pfizer Inc ("Pfizer") hired Plaintiff in April 2008 as an Oncology Director.  According to Plaintiff's very own allegations, Plaintiff was in charge of conducting and ensuring the quality of certain data studies.  She was also required to report potential risks to Pfizer.  After approximately two and a half years with Pfizer, in September of 2010, Plaintiff's employment was terminated.  Plaintiff now claims her termination was retaliatory for raising issues with the study on which she was assigned.  The irony in this assertion is that Plaintiff's responsibility was specifically to do just that - report any such deficiencies or abnormalities in the studies.  Indeed, in Plaintiff's own words she was required to "report any potential risks to Pfizer."  Compl. ¶ 27. Accordingly, Plaintiff has not engaged in any protected activity and her claim under Labor Code section 1102.5 fails as a matter of law.

Additionally, Plaintiff's wrongful termination in violation of public policy claim fails as a matter of law because it is predicated on Pfizer's alleged violation of Labor Code section 1102.5, as well as Labor Code section 6310, both of which require Plaintiff to show she engaged in a protected activity – which, as set forth above, she cannot do.

---

[1] Unless specified otherwise, all references to "Labor Code" shall refer to California Labor Code.

Moreover, Plaintiff's claim for IIED also fails as a matter of law because it is preempted by California's Workers' Compensation Act and does not allege extreme and outrageous conduct. In particular, Plaintiff's allegations against Pfizer are centered on her employment relationship with Pfizer, including Pfizer's allegedly unfair criticism of Plaintiff's performance and the termination of her employment. These allegations, even if true, represent a normal part of the employment relationship, and are therefore preempted by California Workers' Compensation Act. Even if not preempted and true, these allegations do not rise to the level of "extreme and outrageous" necessary to state a claim of IIED.

Finally, Plaintiff's claims do not support a claim for attorneys' fees because Plaintiff's claims fail to allege enforcement of an important public right or significant benefit on the public.

For these reasons, Pfizer respectfully requests this Court to grant its Motion to Dismiss and Strike without leave to amend in its entirety.

## II.    STATEMENT OF FACTS.

### A. Pfizer Hired Plaintiff As A Director In The Oncology Department. She Was Responsible For Alerting Pfizer Of Any Risks Or Abnormalities Occurring Within the Studies On Which She Was Assigned.

In April 2008, Pfizer hired Plaintiff into the position of Director-Oncology. Compl. ¶ 4. Plaintiff was the Lead Clinical Protocol Manager, responsible for "overseeing data review performed by study managers and other members for quality and training ." *Id.* at ¶ 6. She was also responsible for managing, mitigating and reporting any potential risks to Pfizer. *Id.* at ¶ 27. Plaintiff earned an annual salary of $172,000 plus bonuses and stock options. *Id.* ¶ 5.

### B. As Part Of Her Duties, Plaintiff Alerted Pfizer Of Abnormalities In The PanHer Program.

Plaintiff "spent the first year of her employment with Pfizer primarily working on the PanHer program." *Id.* at ¶ 22. The PanHer program "was directed toward the clinical testing of a…cancer inhibitor drug." *Id.* In or about October or November 2008, Plaintiff

began to notice problems with the PanHer studies. *Id.* at ¶ 25. Pursuant to her employment duties, Plaintiff reported to her supervisor the abnormalities in the Phase I PanHer study data. *Id.* at ¶ 25, 27. In this report Plaintiff noted if the "…continued irregular clinical practices [continued] the PanHer team presented a risk to the company." *Id.*

### C. Plaintiff's Employment Was Terminated And Plaintiff Filed the Instant Lawsuit Alleging That Her Employment Was Terminated Because She Made Protected Disclosures.

On August 19, 2010, Plaintiff received a termination letter informing her that her employment was terminated effective September 16, 2010. Compl. ¶ 38. Thereafter, on September 9, 2011, Plaintiff filed the within action alleging: (1) violation of Labor Code section 1102.5; (2) wrongful termination in violation of public policy; (3) intentional infliction of emotional distress; (4) breach of express or implied contract[2]; and (5) breach of the implied covenant of good faith and fair dealing.

In her Complaint, Plaintiff alleged that Pfizer wrongfully terminated her after she reported "'dirty' results in the Phase I studies" and that Pfizer retaliated against her for reporting the issues. *Id.* at ¶ ¶ 1, 2. In particular, Plaintiff alleged she was subjected to a "hostile work environment, in which she was assigned an inordinate workload, shut out of meetings, prevented from traveling to meet with her team, refused reimbursement for job-related expenses," she was subjected to unprofessional behavior and overt bias, and "vilified and disregarded". *Id.* at ¶¶ 2, 31, 33. Plaintiff also alleged that the retaliation was evident in the performance review she was given which was "subjective, unsupported, and contained false and misleading information," and a Performance Improvement Plan ("PIP") wherein she was accused of needing improvement in "follow through/accountability" and that she was unable to communicate effectively. *Id.* at ¶¶ 34, 36. In addition to her retaliation and wrongful termination in violation of public policy

---

[2] After meeting and conferring with Defendant, Plaintiff has agreed to dismiss her breach of the implied covenant of good faith and fair dealing claim.

claims, Plaintiff points to these facts in support of her IIED claim. *Id.* at ¶ 53-59. Plaintiff's Complaint does not allege that she filed a DLSE Complaint. *Id.* at 1-77.

In her prayer for relief, Plaintiff requested: (1) special and economic damages for all causes of actions; (2) general and non-economic damages for all causes of actions; (3) punitive damages under the first, second, and third causes of actions; (4) attorneys' fees and costs under California Code of Civil Procedure section 1021.5[3]; (5) prejudgment interest; and (6) for such other relief as the Court deems just and proper.

## III. ARGUMENT.

### A. This Court Has The Authority To Dismiss Claims Which Do Not State A Claim For Relief.

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12 (b)(6)") when a plaintiff's allegations fail to state a claim upon which relief can be granted. *See generally Vasquez v. Los Angeles County,* (9th Cir. 2007) *487 F.3d 1246, 1249.* When deciding a Rule 12(b)(6) motion, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Enesco Corp. v. Price/Costco, Inc.,* (9th Cir. 1998) 146 F.3d 1083, 1085. The Court, however, is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* (9th Cir. 2001) 266 F.3d 979, 988 (citations omitted). Moreover, dismissal of a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* (1957) 355 U.S. 41, 45-46; *Navarro v. Block,* (9th Cir. 2001) 250 F.3d 729. Rule 12(b)(6) dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.,* (9th Cir. 1990) 901 F.2d 696 699; *Robertson v. Dean Witter Reynolds,* (9th Cir. 1984) 749 F.2d 530, 534.

///

---

[3] Plaintiff does not allege a contractual right to attorneys' fees. Compl. at ¶ 1-77.

i.   **Plaintiff's First Cause Of Action For Retaliation Pursuant To Labor Code Section 1102.5 Fails As A Matter of Law.**

1.   **Plaintiff's Labor Code Section 1102.5 Claim Is Jurisdictionally Barred Due To Her Failure To Pursue The Administrative Procedures Available To Her And She Is Now Time Barred From Doing So.**

Plaintiff's retaliation claim under Labor Code section 1102.5 fails as a matter of law because Plaintiff failed to exhaust her administrative remedies by filing a DLSE complaint, and she is now time barred from doing. In particular, in reviewing a dismissal of a Labor Code section 1102.5 claim, the California Supreme Court has held that "where an administrative remedy is provided by statute, *relief must be sought from the administrative body and this remedy* [must be] *exhausted before the courts will act*." *Campbell v. Regents of the Univ. of Cal.*, (2005) 35 Cal.4th 311, 321. This exhaustion requirement "is a jurisdictional prerequisite to resort to the courts." *Id.*

The United States District Courts for the Northern District of California follow this authority and require that prior to filing a civil claim under Labor Code section 1102.5 a plaintiff must first exhaust his administrative remedies by filing a complaint with the DLSE[4]. In fact, approximately one month ago in *Dolis v. Bleum USA, Inc.*, (N.D. Cal. 2011) 2011 U.S. Dist. LEXIS 110575, the San Jose Division of the Northern District dismissed a plaintiff's Labor Code section 1102.5 claim because she did not allege she filed a DLSE complaint. *Dolis,* 2011 U.S. Dist. LEXIS 110575 *6. The *Dolis* court held that "a plaintiff cannot file suit under section 1102.5 without first exhausting administrative remedies." *Id.* at *5. *See also Hall v. Apt. Inv. & Mgmt. Co.*, (N.D. Cal. 2008), 2008 U.S. Dist. LEXIS 105698, 8-9 (granting defendants' motion to dismiss as plaintiffs did not "exhaust their section 1102.5 claim remedies pursuant to Cal. Lab. Code section 98.7 prior to filing suit.); *Bowman v. Yolo County*, (E.D. Cal. 2008) 2008 U.S.

---

[4] Specifically, California Labor Code section 98.7 ("Labor Code section 98.7") affords an administrative remedy for "any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner." Labor Code section 98.7 (a). Labor Code section 1102.5 claims fall within the "jurisdiction of the Labor Commissioner," and are thus subject to the administrative procedures set forth in Labor Code section 98.7. Labor Code section 98.6 (a) & (b). *See Hall v. Apt. Inv. & Mgmt. Co.*, (N.D. Cal. Dec. 19, 2008), 2008 U.S. Dist. LEXIS 105698, *10 ("exhaustion of the administrative remedies prescribed in section 98.7 applies to section 1102.5...").

Dist. LEXIS 36857, 2008 WL 1832881, *1 ("[s]ince Plaintiffs fail to allege they have met the exhaustion of administrative remedies requirement, YHCA's motion to dismiss plaintiffs' section 1102.5 claim is granted"); *Neveau v. City of Fresno*, (E.D. Cal., 2005) 392 F. Supp. 2d 1159, 1180 (granting defendant's motion to dismiss plaintiff's Labor Code section 1102.5 claim on the grounds that the court did not have jurisdiction, because the plaintiff did not allege that he exhausted available administrative remedies before the Labor Commissioner prior to bringing suit).

Importantly, the *Dolis* court expressly disagreed with the "narrow reading of *Campbell* adopted by the district court in *Creighton v. City of Livingston*, No. CV-F-08-1507 OWW/SMS, 2009 U.S. Dist. LEXIS 93720, 2009 WL 3246825, at *2-12 (E.D. Cal. Oct. 7, 2009)". *Dolis,* 2011 U.S. Dist. LEXIS 110575 *5. The Court also found that *Lloyd v. County of Los Angeles,* (2009) 172 Cal.App.4th 320, a case which held opposite the *Dolis* court, was unpersuasive because the *Lloyd* court made no attempt to reconcile *Campbell* or any of the cases cited  therein that established the general rule requiring administrative exhaustion. *Dolis,* 2011 U.S. Dist. LEXIS 110575 *6.

Here, Plaintiff fails to allege that she has filed a complaint with the DLSE. Accordingly, this Court does not have jurisdiction over Plaintiff's Labor Code section 1102.5 claim and it must therefore be dismissed. Moreover, Labor Code section 98.7 requires a plaintiff to "file a complaint with the [Labor Commissioner] within ***six months*** after the occurrence of the violation." *Labor Code* section 98.7. (emphasis added). Plaintiff's employment with Pfizer ceased in September 2010. Thus, far more than six months have lapsed. Accordingly, if Plaintiff has not already filed a DLSE complaint, which she has not alleged, she is time barred from doing so.

> **2.    Even Assuming, Arguendo, Plaintiff Can Survive The Jurisdictional Bar, Plaintiff's Labor Code Section 1102.5 Claim Fails As A Matter Of Law Because Plaintiff Did Not Engage In Protected Activity.**

In order to state a claim for retaliation under Labor Code section 1102.5, Plaintiff must be able to establish that she engaged in a protected activity.   Specifically, to

establish a *prima facie* case for retaliation under Section 1102.5 an employee must show that: (1) she engaged in protected activity; (2) she was subjected to adverse employment action; and (3) there is a causal link between the two.  *Love v. Motion Indus.,* (N.D. Cal. 2004) 309 F.Supp.2d 1128, 1134 *citing Morgan v. Regents of University of California,* (2000) 88 Cal.App.4th 52, 69.

A plaintiff who merely acts in furtherance of his or her job responsibilities does not engage in protected activity. *See Garcetti v. Ceballos,* (2006) 547 U.S. 410, 421-22 (public employees do not engage in protected activity under the First Amendment when making statements "pursuant to their official duties"; an employee who merely "went to work and performed the tasks he was paid to perform" does not engage in protected activity); *See also McKenzie v. Renberg's Inc.,* (10th Cir. 1996) 94 F.3d 1478, 1486-87 (no retaliation where plaintiff contended that employer was angered because she pointed out wage-and-hour violations; alerting management to possible labor law violations was part of her job and thus was not protected activity under the Fair Labor Standards Act). Rather, for an employee to engage in protected activity, the employee must "assert a right *adverse* to the company." *Lund v. Leprino Foods Co.,* (E.D. Cal. 2007) 2007 U.S. Dist. LEXIS 46705, *24. (citations omitted).  *See also Luchetti v. Hershey Co.,* (N.D. Cal. 2009) 2009 U.S. Dist. LEXIS 81844, *18 (granting summary judgment for employer; plaintiff did not engage in any protected activity where communications did not "amount to opposing an unlawful or unsafe condition or taking a position adverse to the company").

Here, Plaintiff alleges she made protected disclosures regarding "Defendant's failure to properly conduct Phase 1 trials for the PanHer program."  Compl. ¶ 49.  In particular, Plaintiff alleges the following "protected disclosures" to support her wrongful termination claim: (1) the "abnormal study results" generated from the "review of the Phase I A5481001 study data"; and (2) the "list of prohibited medications…for the PanHer A7471001 data review…" Compl.¶¶ 27, 30.

In Plaintiff's own words, she "reported the abnormal study results" as a "conscientious employee" and *pursuant to her employment "responsibility to manage, mitigate, and report any potential risks to Pfizer…"* Compl.¶ 27. (emphasis added). Indeed, in the aforementioned report Plaintiff noted that "… the clinicians refusal to address and mitigate [the]…irregular clinical practices…presented a risk to the company." *Id.* Likewise, Plaintiff prepared the list of prohibited medications *"per [Pfizer] protocol."* Compl.¶ 30. (emphasis added).

Accordingly, the alleged "protected disclosures" were made pursuant to and in the scope of Plaintiff's job duties. Plaintiff was acting to protect the interests of Pfizer, not asserting any rights adverse to Pfizer. As such, these "disclosures" do not represent protected activity and Plaintiff's Labor Code section 1102.5 claim fails as a matter of law because she fails to allege facts which constitute a *prima facie* case of retaliation under Labor Code section 1102.5.

  **ii.**  **Likewise, Plaintiff's Second Cause Of Action Alleging Wrongful Termination In Violation Of Public Policy Fails As A Matter Of Law Because Plaintiff Did Not Engage In Protected Activity.**

Likewise, Plaintiff's claim of wrongful termination in violation of public policy fails as a matter of law because she did not engage in protected activity. In particular, an employer's power to terminate an "at-will" employment relationship is not absolute – an employee may not be terminated for a purpose that contravenes a fundamental public policy. *Tameny v. Atlantic Richfield,* (1980) 27 Cal.3d 167. Where a plaintiff "relies upon a statutory prohibition to support a common law cause of action for wrongful termination in violation of public policy, the common law claim is subject to statutory limitations affecting the nature and scope of the statutory prohibition." *Stevenson v. Superior Court of Los Angeles,* (1997) 16 Cal. 4th 880, 904. In the instant case, Plaintiff's wrongful termination claim solely relies on the public policies established by Labor Code Sections 1102.5(c) and 6310(b). Therefore, Plaintiff must establish a violation of Labor Code sections 1102.5 and 6310 to prevail on her claim for wrongful termination in violation of public policy. Like Labor Code section 1102.5, Labor Code

1    section 6310 requires Plaintiff to establish that she engaged in a protected activity.  *See*

2    *Raymonde v. Mirante California, LLC* (N.D. Cal. 2010) 2010 U.S. Dist. LEXIS 5362,

3    *27.

4        As set forth in Section B (2), Plaintiff did not engage in protected activity.

5    Accordingly, Plaintiff's wrongful termination in violation of public policy claim fails as a

6    matter of law and should therefore be dismissed without leave to amend.

7        **iii.    Plaintiff's Third Cause Of Action For IIED Against Pfizer Fails**
                   **As A Matter Of Law.**
8
                   **1.    This Claim Is Preempted By the Exclusive Remedies**
9                          **Provisions Of California's Workers' Compensation Act.**

10       In the employment context, claims for IIED are preempted by the exclusive

11   remedy provisions of California Workers' Compensation Act.  *See Labor Code* section

12   3600, *et seq.*; *Fermino v. Fedco, Inc.,* (1994) 7 Cal.4th 701, 712-713; *Livitsanos v.*

13   *Superior Court,* (1992) 2 Cal.4th 744, 754-755.  In particular, the workers' compensation

14   exclusivity rule applies when the risks resulting in the injury were encompassed within

15   the 'compensation bargain'.  *Singh v. Southland Stone, U.S.A., Inc.*, (2010) 186 Cal. App.

16   4th 338, 366.  "An employer's intentional misconduct in connection with actions that are

17   a normal part of the employment relationship, such as demotions and criticism of work

18   practices, resulting in emotional injury is considered to be encompassed within the

19   compensation bargain, even if the misconduct could be characterized as 'manifestly

20   unfair, outrageous, harassment, or intended to cause emotional disturbance'."  *Id.* at 367

21   *citing Cole v. Fair Oaks Fire Protection Dist.,* (1987) 43 Cal. 3d 148, 154.

22       In *Cole v. Fair Oaks Fire Protection Dist.*, the plaintiff worked as a fire captain for

23   many years, and alleged that employer and supervisors engaged in a lengthy and brutal

24   campaign of harassment and ridicule intended to punish plaintiff for his union activities.

25   The defendants publicly stripped plaintiff of his rank, made false accusations of

26   dishonesty against him, assigned him to menial duties, and tried to force him to retire

27   through a personnel review process that the court characterized as a "kangaroo court."

28   Cole subsequently suffered a totally disabling stroke due to his high blood pressure.

Despite the allegedly "outrageous" character of this conduct, the California Supreme Court held that workers' compensation provided plaintiff's exclusive remedy. *Cole,* 43 Cal. 3d at 160; *See also Miklosy v. Regents of the University of California*, (2008) 44 Cal.4th 876, 902 (sustaining defendants' demurrer to IIED claim because the "alleged wrongful conduct, however, occurred at the worksite, in the normal course of the employer-employee relationship, and therefore workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted." ).

Additionally, in *Singh, supra,* despite the plaintiff presenting evidence that his supervisor "berated and humiliated" him, criticized his job performance, and insulted him with profanities on a regular basis, the court found plaintiff's claim for intentional infliction of emotional distress was preempted by the workers' compensation laws because "the misconduct occurred in the workplace and involved criticisms of performance or other conflicts arising from employment." *Singh*, 186 Cal. App. 4th at 367-368.

Here, like in the *Singh* case, Plaintiff alleges that her job performance was criticized unfairly, that she was required to meet unrealistic goals and was eventually terminated. Compl. ¶¶ 33, 34, 38. Additionally, Plaintiff alleges that she was "subject to a hostile work environment…overt bias…and unprofessional behavior…" Compl. ¶¶ 32, 33. It is clear from Plaintiff's allegations that the alleged conduct, and any alleged injury that may have resulted from such conduct, arose from the workplace, in the normal course of the employment relationship. This claim is therefore subject to workers' compensation preemption.

    **2.**    **Even If Plaintiff's IIED Claim Is Not Preempted, Plaintiff Cannot Demonstrate That Pfizer Engaged In Extreme And Outrageous Conduct With The Intention Of Causing, Or Reckless Disregard Of The Probability Of Causing Emotional Distress.**

Moreover, Plaintiff's IIED claim does not allege extreme or outrageous conduct. In *Janken v. GM Hughes Electronics*, the Court of Appeal held that management personnel actions, such as criticism of an employee's performance or workplace

behavior, discipline, suspension, and termination of employment, are not outrageous conduct and will not support a claim for intentional infliction of emotional distress. *Janken v. GM Hughes Electronics,* (1996) 46 Cal.App.4th 55, 65, 79-80; *Cole, supra,* 43 Cal.3d at 160 (actions which are a normal part of the employment relationship cannot be characterized as outrageous behavior). As a matter of law, the imposition of workplace discipline, including termination, does not amount to extreme or outrageous conduct. *See Buscemi v. McDonnell Douglas Corp.,* (9th Cir. 1984) 736 F.2d 1348, 1352; *Schneider v. TRW, Inc.,* (9th Cir. 1991) 938 F2d 986 (yelling and screaming at employee while criticizing work is not, by itself, outrageous conduct); *Crain v. Burroughs Corp.,* (C. D. Cal. 1983) 560 F. Supp. 849 (termination without good cause, based on mistaken judgment or failure to investigate further, even without warning or an opportunity to explain, and plaintiff's resulting humiliation was not sufficiently extreme and outrageous); *Mathis v. PG & E,* (9th Cir. 1996) 75 F.3d 498, 505; *Shoemaker v. Myers,* (1990) 52 Cal.3d 1, 25.

Moreover, in *Cole, supra,* the California Supreme Court held that a supervisor's behavior, even if egregious, does not create a cause of action for an intentional infliction of emotional distress claim. The Court observed that:

> "An employer's supervisory conduct is inherently 'intentional.' In order to properly manage its business, every employer must on occasion review, criticize, demote transfer and discipline employees. Employers are necessarily aware that their employees will feel distressed by adverse personnel decisions, while employees may consider any such adverse action to be improper and outrageous. Indeed, it would be unusual for an employee not to suffer emotional distress as a result of an unfavorable decision by his employer." *Cole,* 43 Cal.3d at 160.

Throughout the Complaint, Plaintiff sprinkles general allegations that Pfizer's conduct of placing her on a performance improvement plan, increasing her assigned phase projects and terminating her employment constituted "extreme and outrageous conduct." Compl. ¶ 54. This alleged conduct is clearly insufficient to support a claim for

1    intentional infliction of emotional distress.  More specifically, pursuant to the authorities

2    cited above, Pfizer's routine "management personnel actions," simply do not amount to

3    "extreme" or "outrageous" conduct.  Accordingly, Plaintiff's IIED claim against Pfizer

4    must fail as a matter of law.

5    ### B. Plaintiff's Request For Attorneys' Fees Under California Code Of Civil Procedure Section 1021.5 Is Improper And Should Be Stricken From Plaintiff's Complaint.

6

7    Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken

8    from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

9    scandalous matter." *Federal Rule of Civil Procedure* 12(f). Subsequently, the Ninth

10   Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the expenditure

11   of time and money that must arise from litigating spurious issues by dispensing with

12   those issues prior to trial." *Fantasy, Inc. v. Fogerty,* (9th Cir. 1993) 984 F.2d 1524, 1527,

13   *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, (1994) 510 U.S. 517. (citation omitted).

14   When considering a motion to strike, the court "must view the pleading in a light most

15   favorable to the pleading party." *Greenburg v. Life Ins. Co. of N. Am.,* (N.D. Cal. 2009)

16   2009 U.S. Dist. LEXIS 39062, *4. (citation omitted).

17   Accordingly, the court has consistently held that where a plaintiff's requested relief

18   is not recoverable as a matter of law, a motion to strike is appropriate. *See Greenburg,*

19   2009 U.S. Dist. LEXIS 39062 at *8 (denying plaintiff's motion for leave to amend the

20   complaint to add a 1021.5 prayer of relief, because plaintiff did not add the requisite facts

21   necessary for those remedies, thus plaintiff did not allege "a cause of action that would

22   allow him to obtain relief…")

23   Plaintiff's request for attorneys' fees under California Code of Civil Procedure

24   section 1021.5 should be stricken from the Complaint because Plaintiff's Complaint does

25   not seek enforcement of an important right affecting the public interest[5]. In relevant part,

26   California Code of Civil Procedure section 1021.5 provides:

27

28   ---
[5] A Motion to Strike attorneys' fees under California Code of Civil Procedure section 1021.5 is proper at this stage of the proceeding. Although "Section 1021.5 provides for the award of attorney's fees to a 'successful party,' and at this stage in of the proceedings there is no successful party… the court can [still] decide the question now."*Acme Fill Corp. v. Althin CD*

"Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." *California Code of Civil Procedure* section 1021.5.

In *Flannery v. California Highway Patrol*, (1998) 61 Cal.App.4th 629, 635, the court explained that "the Legislature did not intend to authorize an award of fees under section 1021.5 in every lawsuit enforcing a constitutional or statutory right." The court noted, "[the] purpose [of section 1021.5] is to provide some incentive for the plaintiff who acts as a true private attorney general, prosecuting a lawsuit that enforces an important public right and confers a significant benefit, despite the fact that his or her own financial stake in the outcome would not by itself constitute an adequate incentive to litigate." *Id*. at 653 (citing *Satrap v. Pacific Gas & Electric Co.*, (1996) 42 Cal.App.4th 72, 80). Thus, in determining whether to award attorney fees under Code of Civil Procedure section 1021.5, the court applies a three-prong analysis inquiring whether: (1) the litigation resulted in the enforcement of an important right affecting the public interest; (2) a significant benefit has been conferred on the general public or a large class of individuals; and (3) the necessity and financial burden of private enforcement renders the award appropriate. *Bell v. Vista Unified School Dist.*, (2000) 82 Cal. App. 4th 672, 690. Regarding the nature of the public right, it must be important and cannot involve trivial or peripheral public policies.

---

*Med., Inc.,* (N.D. Cal. 1995) 1995 U.S. Dist. LEXIS 22307, *8. See Acme Fill Corp, U.S. Dist. LEXIS 22307 (granting defendant's motion to strike plaintiff's attorney fees at the preliminary pleadings stage because the "case did not appear to be a 'public interest' lawsuit filed to vindicate the public['s ] right[s]...") (emphasis added); Kaufman and Broad South-Bay v. Unisys Corp., (N.D. Cal. 1993) 822 F.Supp.1468, 1478-1479 overruled on other grounds by KFC Western v. Meghrig, (9th Cir. 1995) 49 F.3d 518 (granting defendant's motion to strike attorney fees during preliminary pleadings because plaintiff failed to allege "facts sufficient to demonstrate that the cost of pursuing [its] action [was] out of proportion to its individual stake.").

Prongs one and two prohibit a plaintiff from recovering attorney fees, if the plaintiff's suit is "primarily motivated by its own pecuniary interest, even if an incidental public benefit derives from the suit." *Acme Fill Corp.,* U.S. Dist. LEXIS 22307 *10. (citation omitted).   As to prong three, a plaintiff can only recover fees "when the necessity for pursuing the lawsuit places a burden on the plaintiff 'out of proportion to his individual stake in the matter." *Id.* (citation omitted).   Additionally, to warrant a finding that section 1021.5 applies each prong of the analysis must be met. *County of Colusa v. California Wildlife Conservation Bd.,* (2006) 145 Cal.App.4th 637, 648.   Consequently, if the court finds that one prong is not met, the court will find it "unnecessary to make findings concerning the remaining criteria." *Satrap, supra,* 42 Cal.App.4th at 81.

### i.   The Instant Litigation Does Not Confer A Significant Benefit To The General Public Or A Large Class Of Individuals.

The Supreme Court in *Woodland Hills Residents Assn., Inc. v. City Council,* (1979) 23 Cal.3d 917, 939-940 explained that the "public always has a significant interest in seeing that legal strictures are properly enforced and thus, in a real sense,…always derives a "benefit" when illegal private or public conduct is rectified."   However, this "benefit" does not automatically award a party attorney fees just because his or her case involved a statutory violation.   *Angelheart v. City of Burbank,* (1991) 232 Cal. App. 3d 460, 468.   Rather, in "adjudicating a motion for attorney fees under section 1021.5, a trial court [should] determine the significance of the benefit, as well as the size of the class receiving benefit, from a realistic assessment, in light of all the pertinent circumstances, of the gains which have resulted in a particular case.'" *Id.* (citation omitted).

Where a court finds that a plaintiff cannot show a benefit to the public, a motion to strike a claim for section 1021.5 attorneys' fees is appropriate. *See Lowe v. California Resources Agency,* (1991) 1 Cal. App. 4th 1140, 1152-53 (striking attorneys' fees from a claim under section 1021.5 where plaintiff was not acting in the public interest).

The primary focus of Plaintiff's litigation is personal. Here, Plaintiff is challenging employment decisions and practices that solely serve to vindicate her personal rights and

1  economic interests. Indeed, while Plaintiff argues that Pfizer's "conduct threatened

2  material harm both to the study participants and Defendant," Plaintiff does not request

3  any remedy or legal protection to ensure that this alleged harmful conduct is prohibited.

4  Compl.¶ 49.  However, notably, Plaintiff *does* request compensatory damages, including

5  front and back pay, for her *personal* suffering and injuries. *Id.* at ¶ 51. *See Bell v. Vista*

6  *Unified School Dist.*, (2002) 82 Cal. App. 4th 672, 690 (finding "the primary focus of

7  [plaintiff's] litigation" was "personal" because plaintiff's litigation goal was always to

8  obtain reinstatement and compensatory damages.");  *Manser v. Sierra Foothills Public*

9  *Utility District* (E.D. Cal. Sept. 7, 2010) 2010 U.S. Dist. LEXIS 98984,*10-13 (holding

10  plaintiff " pursued [the case] for her pecuniary interest" because "plaintiff initially filed

11  [the] action alleging numerous violations of plaintiff's personal interests" and "plaintiff

12  sought no relief for others, [rather], [s]he sought only a large money judgment for

13  herself.").

14      While Plaintiff may argue that her suit confers a "public benefit" by establishing a

15  whistleblower's right to be free from employment retaliation, the court has "emphatically

16  rejected the argument that [a suit] represent[s] a 'ringing' declaration of the rights of

17  others... when there is only a possibility that the lawsuit [will] con[vey] a cautionary

18  message to the defendant..."*Flannery, supra,* 61 Cal. App. 4th at 635.

19      Here, there is no evidence that either similarly situated Pfizer employees or study

20  participants would be affected by the instant litigation.  *Id.* at 636.  Thus while Plaintiff's

21  action may "involve[e] an important right... there [is] no reasonable basis for concluding

22  that [the] [litigation] confer[s] a significant benefit on a large class of persons," *Id.* at 636.

23  *See Angelheart, supra,* 232 Cal. App. 3d at 469-470 (while plaintiff's litigation did raise

24  an important interest, the litigation failed to confer a significant benefit to a large class of

25  persons as there was no evidence that similarly situated individuals would be affected by

26  the litigation.)  Moreover, as discussed in depth above, Plaintiff did not engage in any

27  protected activity.

28

Accordingly, as a matter of law, based on Plaintiff's claims, it is clear that Plaintiff is not pursuing this case exclusively or even primarily for the benefit of the public. Accordingly, all reference to attorneys' fees, should be stricken from the complaint.

### ii.   Plaintiff Failed To Demonstrate That Her Litigation Costs Will Transcend Her Personal Interest In The Litigation.

Assuming *arguendo*, Plaintiff can allege that her litigation provides a significant benefit to the general public, which Plaintiff cannot, Pfizer contends that Plaintiff has failed to meet prong three of the California Code of Civil Procedure section 1021.5 analysis.  As noted above, prong three requires the plaintiff to show the cost of her legal victory transcends her personal interest. Prong three is "met if the cost of the claimant's legal victory transcends his personal interest—that is, when the burden of the litigation [is] disproportionate to the plaintiff's individual stake in the matter." *Roybal v. Governing Bd. of Salinas City Elementary School Dist.,* (2008) 159 Cal. App. 4th 1143, 1151. Importantly, the plaintiff bears the burden of establishing this prong. *Id.*

In the instant case, Plaintiff has failed to, and cannot, allege her financial burden transcends her personal financial interest in the outcome.  Indeed, Plaintiff's personal financial stakes in the litigation are high.  In particular, Plaintiff has requested "special and economic damages, including back and front pay, for all causes of action." Plaintiff's annual salary was $172,000, and she received stock options of $25,000 and $2,300. Compl.¶ 5.

Accordingly, Plaintiff's request for attorney fees should be stricken. *See Beach Colony II Ltd California Coastal Commission*, (1985) 166 Cal. App. 3d 106, 116 (reversing on appeal plaintiff's award of attorney fees for failure to meet the burden prong of the analysis).

///
///
///
///

1    **IV.    CONCLUSION.**

2          For the reasons stated herein, Pfizer respectfully requests the Court grant Pfizer's

3    Motion to Dismiss and Strike in its entirety.

4

5    Dated: November 9, 2011                    JACKSON LEWIS LLP

6

7

8                                                By:_____/s/ Samantha N. Hoffman
                                                        Samantha N. Hoffman (SBN 212135)
9                                                       hoffmans@jacksonlewis.com
                                                        Nicole M. Savala, Esq. (SBN 244366)
10                                                      savalan@jacksonlewis.com

11                                               Attorneys for Defendant PFIZER INC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE**

The undersigned declares under penalty of perjury under the laws of the United States of America and hereby certifies that on this day, a true and accurate copy of the document to which this declaration is affixed was filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

J. Gary Gwilliam (SBN 33430)
ggwilliam@giccb.com
Randall E. Strauss (SBN 168363)
rstrauss@giccb.com
Gwilliam, Ivary, Chiosso, Cavalli & Brewer
1999 Harrison Street, Suite 1600
Oakland, CA 94612
Tel: 510.832.5411
Fax: 510.832.1918

Dated this _____ day of November, 2011, at Newport Beach, California.

_____
Katie Post