1  Samantha N. Hoffman (SBN 212135)
   hoffmans@jacksonlewis.com
2  Nicole M. Savala, Esq. (SBN 244366)
   savalan@jacksonlewis.com
3  JACKSON LEWIS, LLP
   5000 Birch Street, Suite 5000
4  Newport Beach, CA 92660
   Tel:  (949) 885-1360
5  Fax: (949) 885-1380

6  Attorneys for Defendant(s)
   PFIZER INC

7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  DELINA FERRETTI,                    )  CASE NO.:  CV11-004486 PSG (LHKx)
                                        )
12          Plaintiff,                  )
                                        )
13      vs.                             )  STIPULATION AND [PROPOSED]
                                        )  PROTECTIVE ORDER PRECLUDING
14  PFIZER INC,                         )  DISCLOSURE OF CONFIDENTIAL
                                        )  INFORMATION AND/OR
15          Defendants.                 )  PROPRIETARY INFORMATION
                                        )
16                                      )  Complaint Filed:  September 9, 2011
                                        )  FAC Filed         March 22,2012
17                                      )  Trial:            March 25, 2013
                                        )
18                                      )
                                        )
19                                      )
                                        )
20

21      Plaintiff and Defendant (hereinafter referred to jointly as the "Parties") and their

22  respective attorneys stipulate (hereinafter referred to as "Stipulation") and move the

23  Court for a Protective Order[1] pursuant to Rule 26(c) of the Federal Rules of Civil

24  Procedure concerning the treatment of Confidential Information (as hereinafter defined),

25  so as to prevent the use of disclosure of such Confidential Information beyond use in the

26  prosecution or defense of this lawsuit, and, as grounds therefore, state as follows:

27

28  _____
    [1] The Parties agree that upon their respective attorneys execution of this Stipulation they are bound by its terms even prior to
    or absent of the Court executing the Protective Order.
    _____
    Case No. CV11-004486 PSG (LHKx)          1      STIPULATION AND [PROPOSED] PROTECTIVE ORDER
                                                         PRECLUDING DISCLOSURE OF CONFIDENTIAL
                                                     INFORMATION AND/OR PROPRIETARY INFORMATION

1.     In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  Both Parties have and hereby do represent that they have taken steps to protect certain documents and information potentially subject to disclosure through informal or formal discovery or otherwise subject to disclosure in the litigation as confidential, proprietary and/or trade secret.  Pfizer also believes and represents that certain documents subject to disclosure may contain information subject to third party privacy rights.  The Parties wish to ensure that both Parties are in a position to produce all non-privileged responsive documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information.  Accordingly, the Parties assert the disclosure of any such confidential information (as defined hereinafter) outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests.  Thus, the Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein for the purposes of this litigation only, and for no other purpose, and shall not disseminate, distribute, disclose, divulge, publish, refer to the existence of otherwise make available or comment on (in any way) said documents or information to anyone except pursuant to the terms of this Protective Order, or as the Court may otherwise specify.

2.     "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraph 3 below containing:

   a. personnel records, including compensation history, performance reviews, disciplinary action and personal identification information (including Social Security numbers, phone numbers and addresses) of Pfizer's employees and former employees other than Delina Ferretti ("Plaintiff");

b. proprietary Pfizer manuals, handbooks, policies, procedures, and PowerPoint presentations;

c. proprietary information regarding clinical trials;

d. proprietary and confidential financial information relating to Pfizer;

e. confidential medical information, including medical records;

f. personal and financial data related to Plaintiff, including financial and salary information, tax returns; and

g. Any other material qualifying for protection under Fed. R. Civ. P. 26(c).

3.  The Parties further agree that all the information contained on Plaintiff's laptop computer which Plaintiff had imaged in or around August 2010 contains Confidential Information and is therefore subject to this Stipulation without the need for a Confidential Designation (as set forth below).  Plaintiff agrees to return all such documents and images at the end of this litigation.  Further, Plaintiff affirms all documents and information on the forensic image is Pfizer's property and Pfizer's confidentially information and material, she further affirms that she has not disclosed any information to anyone other than her attorneys.  Additionally, although Pfizer has agreed to this Confidential Designation, it does not waive its right to seek to enforce its Employment Agreement against Plaintiff for her refusal to return all copies of the forensic image.

4.  Confidential Designation.  Pfizer, Plaintiff, or any third party as to documents produced by the third party pursuant to discovery or subpoena, may designate as "CONFIDENTIAL" any document, deposition testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraphs 5, 6 and 7.  The Parties shall act in good faith and on a reasonable basis when designating material as "CONFIDENTIAL" and third parties designating documents as "CONFIDENTIAL" shall indicate their understanding and intention to be bound by the provisions of this Protective Order by executing the "Confidentiality Agreement" attached hereto as Exhibit A.

5.    Designation of Documents Produced as Confidential.

Designation as "CONFIDENTIAL" pursuant to this Protective Order may be accomplished by stamping the word "CONFIDENTIAL" on the face of a multiple-page document if the document is bound. If the document is not bound, designation of a document as "CONFIDENTIAL" may be accomplished by stamping or otherwise marking each page of the confidential document as "CONFIDENTIAL." The Parties may designate documents previously produced in the litigation to date as "CONFIDENTIAL" by providing written notice to the other party of the designation and identifying the documents that the Party wishes to designate as "CONFIDENTIAL" by Bates Numbers.

6.    Designation of Deposition Testimony as Confidential.

Plaintiff, Pfizer, or any third party as to testimony given by the third party at the deposition, may designate deposition testimony as "CONFIDENTIAL" by stating on the record at the deposition, or in writing within 30 days after the receipt of the deposition transcript, that specified testimony is confidential.  During the interim 30 day period, transcripts will be treated as "CONFIDENTIAL" under the terms of this Order.

7.    Designation of Discovery Responses as Confidential.

Plaintiff, Pfizer, or any third party as to information given by the party in response to information requests, may designate as "CONFIDENTIAL" any specific responses to information requests by labeling the specific response "CONFIDENTIAL."

8.    Use of Confidential Documents or Information in Court Filings.

In accordance with Local Rule 79-5 and General Order 62, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

9.     Limitations on Access to Confidential Information.

Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon order of a court of competent jurisdiction or pursuant to a lawful subpoena issued in another action, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose.  Confidential Information shall not be used in any other lawsuit, action, or other matter, and/or disclosed to the public.  Nothing in this Order restricts the ability of any party to use or disclose its own Confidential Information.   Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

a.     The Parties (including any officer, director, employee or agent of Pfizer who is deemed reasonably necessary or appropriate by counsel in good faith to aid in the prosecution, defense or settlement of this action), counsel for the Parties hereto, clerks, secretaries, paralegals, investigators, and legal assistants, court or stenographic reporters retained to report a deponent's testimony taken in this litigation, and firms retained by counsel to provide litigation services and the employees of said firms;

b.     Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

c.     Dispute resolution providers, including mediators, arbitrators and any other individuals employed by the Parties for the purpose of alternative dispute resolution;

d.     Court and administrative personnel, including judges, court reporters, law clerks and clerks engaged in proceedings in this case; and

e.     Witnesses at any deposition or other proceeding in this action.

///

///

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
PRECLUDING DISCLOSURE OF CONFIDENTIAL
INFORMATION AND/OR PROPRIETARY INFORMATION

10. <u>Disclosure to Experts, Witnesses and Dispute Resolution Providers</u>.

"CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 8(b)) or any dispute resolution provider (as defined in paragraph 8(c)) or any witness at any deposition or other proceeding in this action unless and until such person is given a copy of Exhibit B to this Order.  Upon receipt of Exhibit B, which recites this Order's restriction on the use of "CONFIDENTIAL" documents, the expert or consultant (as defined in paragraph 8(b)) or any dispute resolution provider (as defined in paragraph 8(c)) or any witness at any deposition or other proceeding will become bound by this Order.

11. <u>Limitation on Copies of Confidential Information</u>.

No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

12. <u>Storage of Confidential Information</u>.

Except as otherwise provided for in this Protective Order in Paragraphs 8a-e, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties or their experts or consultants (after compliance with paragraph 9) and be stored in a secure place.

13. <u>Challenge to Confidential Designation</u>.

If Plaintiff, Pfizer, or any third party objects to the designation of any document, testimony, information, or material as "CONFIDENTIAL," the Parties shall attempt to resolve the dispute in good faith on an informal basis.  If the Parties are unable to resolve the dispute informally within ten (10) business days after the time the informal notice is received, in compliance with Local Rule 7, the objecting party may apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated.  In any proceeding to release confidential material from its designation, or to change the designation of any such material, the burden shall be upon the designating party to establish that good cause exists for the disputed information to be treated as

1     CONFIDENTIAL under Fed. R. Civ. P. 26(c). If the objecting party makes such a timely

2     motion, the material shall continue to be deemed CONFIDENTIAL under the terms of

3     the Protective Order until the Court rules on such motion.

4           14.    Return of Confidential Information Upon Resolution of the Lawsuit.

5         Upon termination of this litigation, all originals and copies of "CONFIDENTIAL"

6     documents, testimony, information, or material (and all summaries thereof), including all

7     forensic image copies of Plaintiff's laptop computer referred to in paragraph 3, shall be

8     returned to counsel for the producing party(ies) or destroyed, except that counsel for the

9     Parties may keep one copy of such documents, testimony, information, or material other

10    than the forensic image, including all copies, of Plaintiff's laptop computer which must

11    be returned to Pfizer, for their records. If "CONFIDENTIAL" documents, testimony,

12    information, or material (and all summaries thereof) is destroyed rather than returned,

13    counsel responsible for destruction must verify to counsel for the producing party(ies)

14    that said documents have been destroyed within 10 days of termination of this litigation.

15          15.    Additional or Different Protection for Confidential Information.

16        Nothing in this Protective Order shall preclude any party from filing a motion

17    seeking further or different protection from the Court under Rule 26(c) of the Federal

18    Rules of Civil Procedure, or from filing a motion with respect to the manner in which

19    Confidential Information shall be treated at trial.

20          16.    Right to Assert Objections.

21        By entering into this Stipulation neither Party waives any right they may otherwise

22    have to object to disclosing or producing any information or item on any ground.

23    Similarly, neither Party waives any right to object on any ground to use in evidence of

24    any material covered by this Protective Order.

25    ///

26    ///

27    ///

28    ///

---

Case No. CV11-004486 PSG (LHKx)        7        STIPULATION AND [PROPOSED] PROTECTIVE ORDER
PRECLUDING DISCLOSURE OF CONFIDENTIAL
INFORMATION AND/OR PROPRIETARY INFORMATION

17.   Modification.

This Protective Order may be modified by the Court at any time for good cause shown following notice to both Parties and an opportunity for them to be heard.   This Order shall survive the final termination of this action, to the extent that the Confidential Information is not or does not become known to the public.

**IT IS SO STIPULATED.**

Dated: July 6, 2012        **GWILLIAM IVARY CHIOSSO CAVALLI & BREWER**

By:     /s/ Randall E. Strauss
_____
Randall E. Strauss (SBN 168363)
rstrauss@giccb.com

Attorneys for Plaintiff
DELINA FERRETTI

Dated: July 6, 2012        **JACKSON LEWIS LLP**

By:_____/s/ Samantha Hoffman_____
Samantha N. Hoffman (SBN 212135)
hoffmans@jacksonlewis.com
Nicole M. Savala, Esq. (SBN 244366)
savalan@jacksonlewis.com

Attorneys for Defendant PFIZER INC

**THE STIPULATED PROTECTIVE ORDER IS HEREBY ENTERED:**

DATED: July 10, 2012.

**BY THE COURT:**

_____
Paul S. Grewal U.S. Magistrate Judge
~~U.S. Judge Lucy Koh~~

1

2

**EXHIBIT A**

3

4

**CONFIDENTIALITY AGREEMENT**

5        1.      My name is_____.

6        2.      I have read the Protective Order (the "Order') that has been entered in the

7   matter of *Delina Ferretti v. Pfizer Inc*, USDC Case No. CV11-004486 PSG (LHKx), a

8   copy of which has been given to me.  I understand the provisions of this Order and agree

9   to comply with and to be bound by its provisions. I submit to the jurisdiction of this Court

10  for purposes of enforcing any of the terms or provisions of the Order.

11       3.      I declare under penalty of perjury under the laws of the United States and the

12  state of California that the foregoing is true and correct.

13

14  Executed this _____ day of _____, 2012, at _____.

15

16  _____

    Signature

17
    Affiliation:
18  _____

19  Business Address:
    _____

20  Home Address:

21  _____

22

23       DATED this ____ day of _____, 2012.

24

25

26

27

28

# EXHIBIT B

# NOTICE OF PROTECTIVE ORDER

1.     You are being provided with a copy of this Notice of Protective Order ("Notice") to advise you that a Protective Order ("Order") has been entered in the matter of *Delina Ferretti v. Pfizer Inc*, USDC Case No. CV11-004486 PSG (LHKx).  By order of the Court, you are bound by the Order upon receipt of this Notice.

2.     The purpose of the Order is to ensure that both Plaintiff and Defendant in this action are in a position to produce documents in the litigation while still protecting their confidential, proprietary and trade secret information and pursuing steps to minimize, if not eliminate, any violation of third party privacy rights due to the disclosure of third party information.

3.     Accordingly, pursuant to the Order, any documents which you receive and/or review which are designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution, defense, or settlement of this action and for no other purpose.  Confidential Information shall not be used in any other lawsuit, action, or other matter.

## PROOF OF SERVICE

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

**CASE NAME:     DELINA FERRETTI vs. PFIZER INC**

**CASE NUMBER: CV11-004486 PSG (LHKx)**

I am employed in the County of ORANGE, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5000 Birch Street, Suite 5000, Newport Beach, CA  92660.

On July 6, 2012, I served the foregoing document(s) described as:

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER PRECLUDING DISCLOSURE OF CONFIDENTIAL INFORMATION AND/OR PROPRIETARY INFORMATION**

in this action by placing a true copy thereof in a sealed envelope addressed as follows:

J. Gary Gwilliam, Esq. (SBN 33430)            Attorneys for Plaintiff
Randall E. Strauss, Esq. (SBN 168363)          Delina Ferretti
Robert J. Schwartz, Esq. (SBN 254778)
Gwilliam, Ivary, Chiosso, Cavalli & Brewer
1999 Harrison Street, Suite 1600
Oakland, CA  94612-3528
Phone:  (510) 832-5411
Fax:  (510) 832-1918
Email:  ggwilliam@giccb.com

[XX] **BY NOTICE OF ELECTRONIC FILING**.  The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D).

[XX] **FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 6, 2012, at Newport Beach, California.

Katie Post